## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORENZO CHALMERS, JR. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of the Social | : | |
| Security Administration | : | NO.  20-1082 |

### MEMORANDUM OPINION

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                        March 24, 2021

Lorenzo Chalmers, Jr. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  Plaintiff has filed a brief in support of his request for review and the Commissioner has responded to it.  For the reasons set forth below, Plaintiff's request for review is granted and the case is remanded to the Commissioner.

### I.     PROCEDURAL HISTORY[1]

On September 12, 2016, Plaintiff applied for DIB and SSI, alleging disability, because of physical and mental health impairments, since June 15, 2016.  R. 15.  The claim was denied, initially, and Plaintiff requested a hearing.  *Id.*  On August 2, 2018, Plaintiff appeared before Anne W. Chain, Administrative Law Judge ("the ALJ"), for a hearing; Plaintiff, represented by an attorney, and Donna Nealon, a vocational expert ("the VE") testified at the hearing.  *Id.* at 37-91.  After the hearing, the ALJ sent Plaintiff to a November 12, 2018 consultative psychological

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), and the administrative record.  ("R.").

examination with Lan Yang, Psy.D. (R. 564-71). On December 26, 2018, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 15-29. The Appeals Council denied Plaintiff's request for review, on January 8, 2020. R. 3-5.

On February 25, 2020, Plaintiff filed his complaint, seeking judicial review in this court. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.   FACTUAL BACKGROUND

A.   <u>Personal History</u>

Plaintiff, born on July 17, 1981, was 37 years old on the date the ALJ issued her decision. His past work was as a construction worker. R. 85. At the time of the hearing, he lived in his retired parents' home with them, his disabled brother and an adult sister. R. 70.

B.   <u>Plaintiff's Testimony</u>

At the August 2, 2018 hearing, Plaintiff testified about his numerous ailments, which primarily involved his mental health.[3] R. 41-83. Plaintiff stated that he was unable to work

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

[3] The ALJ devoted a great deal of her initial questioning to Plaintiff's earnings history. R. 42-49. Plaintiff, consistent with his poor memory, was often unable to remember where and when he worked. R. 42-43, 46-47.

2

because his memory and attention are poor, he is not always aware of his surroundings and, every day, he experiences auditory hallucinations. R. 49, 71. The auditory hallucinations make it difficult for him to concentrate. R. 61. Plaintiff experiences auditory hallucinations for parts of each day; when this happens, he goes to his room and lies in the dark, until the hallucinations stop. R. 71. The voices Plaintiff hears are sometimes vague, and sound like mumbling; on occasion, he hears voices that command him to harm himself. R. 76. Plaintiff has attempted suicide twice. R. 58. He emphasized that he does not experience entire good days, but, rather, good parts and bad parts. R. 77.

Plaintiff takes medication to prevent blood clots and to treat his mental health problems. R. 54. Starting in late 2016, he began treating at PHMC. R. 53. Plaintiff could not remember the name of his treating psychologist, Dr. Cos. *Id.* Initially, he went to PHMC twice a month for therapy. R. 55. More recently, he continues to treat at PHMC once a month, and also visits Northeast Treatment Center three times a week for four hours each day for substance abuse treatment. R. 54, 56.

Other than the family members he lives with, Plaintiff does not socialize with people. R. 74. He is irritable and, when out in public, often argues with strangers.[4] R. 78. Plaintiff does not attend church, go to movies or attend social events. R. 74. He performs few household tasks, but attempts to clean the house once or twice a week and washes his own clothing. R. 72, 74. Plaintiff does not shop for food. R. 74.

Because Plaintiff's memory and concentration are poor, he needs reminders to take his medication and to shower; he does not read or watch television. R. 74-75. In fact, Plaintiff stated that watching television often triggers auditory hallucinations. R. 75.

---

[4] Plaintiff testified that, in addition to making him drowsy, his medication makes him irritable. R. 76.

C. <u>Vocational Testimony</u>

The VE classified Plaintiff's past work as a construction worker as very heavy[5] unskilled work.[6]  R. 85.  The ALJ asked the VE to consider a person who:  needed to avoid exposure to hazards, was capable of performing routine work tasks having simple instructions, was able to make simple work-related decisions with few work-place changes, needed to avoid all contact with the public, could tolerate only occasional interaction with coworkers and supervisors, and was unable to perform work as part of a team.  *Id.*  The VE responded that such an individual could not perform Plaintiff's past work, because construction sites always have hazards.  R. 85-86.  However, the person could perform the medium,[7] unskilled jobs of laundry laborer (402,000 positions nationally) and hand packer (701,000 positions nationally), as well as the light,[8] unskilled jobs of housekeeper cleaner (923,000 positions nationally) and sorter (538,000 positions nationally).  R. 86.

Next, the VE testified that, if a person required more than three scheduled breaks in a normal work day, he could not sustain competitive employment.  *Id.*  The VE stated that no more the two absences (scheduled or unscheduled) per month are acceptable.  R. 87.  In addition, if a person could not tolerate any interaction with coworkers or supervisors, he could not perform any of the identified jobs.  *Id.*  The VE confirmed that her testimony about the availability of jobs was consistent with the Dictionary of Occupational Titles and occupational employment statistics data published in April 2018, R. 87, 90-91; her testimony about breaks and absences was based upon

---

[5] "Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of weighing 50 pounds or more." 20 C.F.R. §§ 404.1567(e), 416.967(e).
[6] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a).
[7] "Medium work involves lifting no more than 50 pounds with frequent lifting or carrying of weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c), 416.967(c).
[8] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b).

her experience working with employers and observation of how jobs are performed. R. 91.

### III. THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2017.

2. [Plaintiff] has not engaged in substantial gainful activity since June 15, 2016, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: history of pulmonary embolism and thrombosis; anti-coagulation therapy; depressive disorder; bipolar disorder; psychotic disorder; anxiety disorder; panic disorder; and substance abuse disorder (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.92(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] had the residual functional capacity to perform to perform a full range of work at all exertional levels but with the following nonexertional limitations: no exposure to hazards including unprotected heights and moving machinery; routine tasks; short simple instructions; simple work related decisions with few workplace changes; no interaction with the public; no work co-dependent as if on a team; no more than occasional interaction with coworkers and supervisors.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Plaintiff] was born on July 17, 1981 and was 34 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

> 9. Transferability of job skills is not an issue in this case because [Plaintiff's] past relevant work is unskilled (20 CFR 404.1568 and 416.968).
>
> 10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).
>
> 11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from June 15, 2016, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

R. 18-19, 21, 27, 29.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence

itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential analysis process, the ALJ determined that, although Plaintiff could

not perform his past relevant work, he could perform other jobs that exist in the national economy; hence, Plaintiff was not disabled. R. 15-29. Plaintiff disputes the ALJ's decision and argues that the ALJ committed reversible error by failing to afford proper weight to the opinions rendered by his treating psychologist, Travis Cos, Ph.D., and the consultative psychological examiner, Dr. Yang. Pl. Br. at 4-21. Plaintiff further argues that the ALJ's errors affected her finding that Plaintiff did not meet the requirements for listed impairment 12.03, Pl. Br. at 9, as well as her assessment of Plaintiff's residual functional capacity ("RFC"). *Id.* at 10-21. The Commissioner denies Plaintiff's assertions. Resp. at 4-15. This court finds that the ALJ failed to afford proper weight to the opinions of Drs. Cos and Yang and that her errors adversely affected her determination that Plaintiff did not meet the requirements of listed impairment 12.03 as well as her RFC assessment. This case is remanded for proper consideration of Drs. Cos and Yang's medical opinions, proper evaluation of whether Plaintiff satisfies listed impairment 12.03, his RFC, and whether he is disabled.

    1. <u>The ALJ Failed to Assign Proper Weight to the Opinions of Drs. Cos and Yang</u>

Plaintiff argues that the ALJ failed to assign proper weight to the opinions of Drs. Cos and Yang. Pl. Br. at 4-21. The Commissioner disputes this. Resp. at 4-15. However, this court finds that the ALJ committed reversible legal error when she assigned Dr. Cos's opinions, "little" weight, R. 25, and Dr. Yang's opinions, "limited" weight. R. 26.

    a. <u>Dr. Cos</u>

Dr. Cos is Plaintiff's treating psychologist. Hence, his opinions are entitled to "great", not "little" weight. *See Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008). Furthermore, under the Commissioner's regulations, the opinions of treating medical sources are often afforded controlling weight. 20 C.F.R. § 404.1527(c)(2), 416.927(c)(2). Moreover, even if

the opinions of treating sources are not afforded controlling weight, they will often be afforded more weight than any other opinion; hence, they will be adopted. Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *4.

Herein, the ALJ did not acknowledge that Dr. Cos's medical opinions were entitled to great weight. R. 24-25. The ALJ summarized Dr. Cos's opinions and acknowledged that his opinions revealed a severely limited person. *Id.* Rather than accepting Dr. Cos's opinions, she chose to afford them little weight, because she believed the opinions were not supported by the records and examinations on file. R. 25. However, this is incorrect, because, to a large degree, Dr. Cos's opinions are supported by those of Dr. Yang. The ALJ failed to acknowledge that Dr. Yang's opinions supported those of Dr. Cos. This is reversible error, because the ALJ is not free to ignore evidence that would support a different outcome. *See Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994).

    b. <u>Dr. Yang</u>

Dr. Yang was a consultative psychological examiner. Under the Commissioner's regulations, the fact that Dr. Yang examined Plaintiff, provided a narrative explanation for the rendered opinions, and was a specialist in the field of psychology, should have entitled the doctor's opinions to more weight. *See* 20 C.F.R. §§ 404.1527(c)(1), (c)(3), (c)(5), 416.927(c)(1), (c)(3), (c)(5).

As with Dr. Cos, the ALJ summarized the opinions of Dr. Yang and noted that they revealed a severely limited individual. R. 25-26. However, the ALJ did not consider the favorable factors in §§ 404.1527(c) and 416.927(c) when weighing Dr. Yang's opinions. Instead, she relied upon her belief that treatment records, in particular, Plaintiff normally being described as cooperative in treatment, did not support Dr. Yang's significant limitations in social functioning,

and her belief that the record contained only "limited and vague" references to Plaintiff's hallucinations. R. 26.

The ALJ's first explanation constitutes reversible legal error, because the Third Circuit has held that, when a claimant suffers from a mental impairment, the fact that he or she appears stable in a treatment setting does not correspond to an ability to work. *Morales v. Apfel*, 225 F.3d 310, 319 (3d Cir. 2000). Moreover, stability in a treatment setting does not justify discrediting a doctor's opinion that, outside of the treatment setting, the claimant has limitations in functioning. *Id.* Hence, the ALJ's conclusion that Dr. Yang's social functioning limitations can be discounted lack a legally sufficient basis. Furthermore, the ALJ ignored how Dr. Cos's opinions supported Dr. Yang's opinions concerning Plaintiff's social functioning.[9] This, too, constitutes reversible legal error. *Adorno*, 40 F.3d at 48. Finally, Dr. Cos, R. 378, like Dr. Yang, R. 565, 570, found that Plaintiff suffered from significant hallucinations and Plaintiff was hospitalized because of his auditory hallucinations, from May 10, 2018 to May 16, 2018. R. 389. This evidence is not "limited and vague". Moreover, Dr. Cos's treatment records documented Plaintiff's history of auditory hallucinations. (R. 497 (7-20-2018), 527 (7-14-2017), 547 (11-22-2016). The ALJ had a duty to recognize these facts. *Adorno*, 40 F.3d at 48.

2. The ALJ's Errors Affected Her Conclusion that Plaintiff did not Meet a Listing

Plaintiff argues that he satisfies the requirements of listed impairment 12.03 ("LI 12.03"), based upon the opinions of Drs. Cos and Yang. Pl. Br. at 9. The Commissioner argues that the ALJ properly supported her decision not to accept Dr. Cos's findings of marked limitation in three areas of functioning. Resp. at 7-8, 10-11. The Commissioner does not address whether the ALJ properly declined to accept Dr. Yang's findings concerning whether Plaintiff met LI 12.03. *See*

---

[9] Both doctors opined that Plaintiff has marked limitation in the ability to interact with others. R. 379 (Dr. Cos); R. 570 (Dr. Yang).

10

Resp. at 4-15. This court finds that, because the ALJ committed reversible legal error when evaluating the opinions of Drs. Cos and Yang and Dr. Cos's opinions indicate that Plaintiff meets the requirements of LI 12.03, this case must be remanded.

As relevant to Plaintiff's condition, LI 12.03 requires a claimant to prove that there is medical documentation of delusions or hallucinations, and extreme limitation in **one** or marked limitation in **two** of the following areas of mental functioning: (1) understand, remember or apply information, (2) interact with others, (3) concentrate, persist or maintain pace, and (4) adapt or manage oneself. There is no dispute that there is medical documentation that Plaintiff suffers from auditory hallucinations. R. 378, 565, 570. What is at issue is the degree of limitation Plaintiff has in the four areas of mental functioning. Dr. Cos opined that Plaintiff was markedly limited in his ability to understand, remember or apply information, interact with others and adapt or manage himself. R. 379. These three findings indicate that Plaintiff is disabled, because he satisfies all of the requirements for LI 12.03.

Dr. Yang's opinions deem Plaintiff's limitations less severe than those found by Dr. Cos. Although Dr. Yang, like Dr. Cos, assessed marked limitation in Plaintiff's ability to interact with others, R. 570, the doctor found only mild to moderate limitation in Plaintiff's ability to understand, remember or apply information, R. 569, and no limitation in Plaintiff's ability to concentrate, persist or maintain pace, or to adapt and manage himself. R. 570. Nevertheless, Dr. Yang provides direct support for Dr. Cos's opinion concerning Plaintiff's ability to interact with others and the doctor provides partial support for Dr. Cos's opinion concerning Plaintiff's ability to understand, remember or apply information. Hence, this case must be remanded so that the ALJ can afford proper weight to the opinions of these doctors concerning the requirements of LI 12.03 and determine anew whether Plaintiff satisfies the requirements of this listing.

### 3. The ALJ's Errors Affect her RFC Assessment

Plaintiff argues that the ALJ's RFC assessment is deficient, because she failed to afford appropriate weight to the opinions of Drs. Cos and Yang. Pl. Br. at 10-21. The Commissioner disputes this. Resp. at 8-15. This court finds that the ALJ's failure to accord proper weight to the opinions of Drs. Cos and Yang adversely affected her RFC assessment; hence, this case should be remanded for the ALJ to evaluate properly Plaintiff's RFC.

Dr. Cos opined that Plaintiff was extremely limited in his ability to remember work locations and work procedures and markedly limited in his ability to understand and carry out detailed but simple oral or written instructions. R. 380. He further opined that Plaintiff could maintain attention and concentration for less than five minutes at a time, could not report to work punctually, and was unable to deal appropriately with the public, co-workers or supervisors.[10] R. 380-81. Dr. Cos further opined that Plaintiff could not respond appropriately to changes in work settings, would be off-task more than 25% of the time, and would likely miss more than four days of work per month. R. 381. The VE testified that this level of absenteeism and the inability to interact with co-workers or supervisors would preclude all work. R. 87.

Similar to Dr. Cos, Dr. Yang opined that Plaintiff was markedly limited in his ability to interact appropriately with the public, co-workers or supervisors and to respond appropriately to work situations and changes in the work setting.[11] R. 570.

When the ALJ considered the opinions of Drs. Cos and Yang, she did not consider the extent to which they corroborated each other, because she reviewed them in isolation. *See* R. 24-26. This constitutes legal error, because the ALJ was bound to consider the extent to which each

---

[10] Dr. Cos explained that Plaintiff had a history of substantial conflict with authority figures in treatment settings and conflict with peers in group settings. R. 381. Plaintiff's inappropriate conduct in treatment settings is documented in Dr. Cos's July 14, 2017 treatment note. R. 527-28.
[11] Dr. Yang attributed these limitations to Plaintiff's hallucinations and depression. R. 380.

doctor's opinions corroborated the other doctor's opinions. *See* 20 C.F.R. § 404.1527(c)(4), 416.927(c)(4). This error affected the ALJ's RFC determination, because Dr. Cos's opinions supported more significant limitations and, per the VE's testimony, R. 87, would justify finding Plaintiff disabled. Inasmuch as the ALJ committed reversible legal error when evaluating Plaintiff's RFC, this case is hereby remanded to obtain a proper RFC determination.

    An implementing Order and Order of Judgment follow.